IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN D. GARRETT,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-14515 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Alan D. Garrett, Plaintiff pro se
#63176050
Federal Detention Center Philadelphia
P.O. Box 562
Philadelphia, PA 19105

**SIMANDLE, U.S. District Judge:**

    1.    Alan D. Garrett, a federal prisoner confined at FDC Philadelphia, has filed a civil lawsuit pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1971). Complaint, Docket Entry 1.

    2.    The Court granted his *in forma pauperis* application on October 26, 2018. Docket Entry 5. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

3. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

4. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

5. It is not entirely clear what claim Plaintiff is attempting to bring against the United States. As Plaintiff references his pending motion to correct, vacate, or set aside

2

his federal sentence under 28 U.S.C. § 2255,[1] the Court presumes he is making some sort of wrongful conviction and imprisonment allegation.

6. By way of background, Plaintiff pleaded guilty to one count of possession of a firearm by a convicted felon, and on January 26, 2012, was sentenced to 77 months imprisonment. *See* Judgment in a Criminal Case, *United States v. Garrett*, No. 11-242 (D.N.J. Jan. 26, 2012), ECF No. 29. The judgment was affirmed by the Third Circuit. *See* Judgment, *United States v. Garrett*, No. 12-1338 (3d Cir. Dec. 5, 2012).

7. The United States has sovereign immunity for constitutional claims. *Tucker v. Sec'y of Health & Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014); *Perez-Barron v. United States*, 480 F. App'x. 688, 691 (3d Cir. 2012) (citing *Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986)). "[W]aivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text." *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 6 (1993).

8. Furthermore, Plaintiff's challenge to the validity of his conviction is ongoing. The U.S. Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

---

[1] *See Garrett v. United States*, No. 17-3254 (D.N.J. filed May 8, 2017).

3

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Deemer v. Beard*, 557 F. App'x 162, 166 (3d Cir. 2014) (stating that the Third Circuit has "interpreted *Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence").

9. Here, Plaintiff's claims depend on the impropriety of his prosecution and conviction. Because Plaintiff's conviction has not been invalidated, this action is barred by *Heck*.

10. Petitioner asks the Court to stay his civil suit pending the outcome of his § 2255 proceedings. The Court declines to do so. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). There are no concerns such as the statute of limitations that would warrant staying the case as Plaintiff's claims, as best as the Court is able to discern them, would not accrue until his conviction is vacated. The Court therefore exercises its discretion to dismiss Plaintiff's complaint without prejudice.

11. The Court denies leave to amend at this time as futile. However, Plaintiff may file a new complaint in the event his conviction is vacated.

12. An accompanying Order will be entered.

**November 27, 2018**                             s/ Jerome B. Simandle
Date                                              JEROME B. SIMANDLE
                                                  U.S. District Judge