IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALAN D. GARRETT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 18-14515 (JBS-JS) |
| v. |  |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendant. |  |

APPEARANCES:

Alan D. Garrett, Plaintiff pro se
#63176050
Federal Detention Center Philadelphia
P.O. Box 562
Philadelphia, PA 19105

**SIMANDLE, U.S. District Judge:**

1. Plaintiff Alan D. Garrett moves to reopen his complaint after this Court dismissed it without prejudice. [Docket Entry 15]. He further moves to consolidate this matter with a previously dismissed civil rights complaint, *Garrett v. United States District Court District of New Jersey*, No. 17-2924 (D.N.J. Jul. 14, 2017). [Docket Entry 14].

2. Plaintiff filed his complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* 403 U.S. 388 (1971) on October 1, 2018. [Complaint,

Docket Entry 1]. The Court granted his *in forma pauperis* application on October 26, 2018. [Docket Entry 5].

3. On November 27, 2018, the Court dismissed the complaint without prejudice for failure to state a claim pursuant to its 28 U.S.C. § 1915(e)(2)(B) screening obligations. [Docket Entries 10 & 11].

4. On December 3, 2018, the Court received a motion to consolidate the complaint with a complaint that was dismissed by the Honorable Brian R. Martinotti, D.N.J., on July 14, 2017. *Garrett*, No. 17-2924, as well as his pending motion under 28 U.S.C. § 2255, *Garrett v. United States*, No. 17-3254 (D.N.J. filed May 8, 2017). [Docket Entry 14]. Plaintiff also moved to reopen the instant complaint and stay it pending a decision in his § 2255 case. [Docket Entry 15].[1]

5. Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong*

---

[1] The Court received a notice of appeal on December 18, 2018. [Docket Entry 17]. *See also Garrett v. United States of America*, No. 19-1083 (3d Cir. Jan. 8, 2019).

2

*v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

6. To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

7. The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted).

8. Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

9. Plaintiff has not set forth a valid reason for reconsideration of this Court's order. As the Court noted in its opinion, Plaintiff's claims, as best they can be discerned by the Court, are presently barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). His complaint is premature. The Court has inherent power to manage its docket and declines to stay the matter pending resolution of the § 2255 motion. *See Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket . . . provides authority to fashion tools that aid the court in getting on with the business of deciding cases."). Plaintiff's disagreement with the Court's decision is best resolved in his appeal to the Third Circuit.

10. The Court cannot consolidate Plaintiff's two complaints as Civil Action 17-2924 was dismissed in July 2017 and Plaintiff never appealed that dismissal.

11. Because Plaintiff fails to meet the high standard for reconsideration, his motions are denied.

12. An accompanying Order will be entered.

**January 23, 2019**             **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                             U.S. District Judge